**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM BARKETT; MONTEREY FINANCIAL ADVISORS, LLC; WASCO INVESTMENTS, LLC, | No. 15-16266 |
| Plaintiffs-Appellants, | D.C. No. 1:14-cv-01698-LJO-JLT |
| v. | MEMORANDUM* |
| SENTOSA PROPERTIES, LLC; ARNOLD HUANG, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 19, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and STAFFORD,
District Judge.**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

Plaintiffs-Appellants, William Barkett ("Barkett"), Monterey Financial Advisors LLC, and Wasco Investments LLC ("Wasco") (collectively, "Plaintiffs") appeal the district court's dismissal of their first amended complaint ("FAC") in this diversity action against Defendants-Appellees, Sentosa Properties, LLC ("Sentosa"), and Arnold Huang ("Huang"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In their FAC, Plaintiffs asserted a single claim for fraud arising out of a series of loans made by Sentosa's predecessor in interest to Wasco and others. The loans were secured by certain real property (the "Property") in Kern County, California, and were guaranteed by William Barkett and his wife. When the economy in California entered a severe recession in mid-2008, Wasco defaulted on the debt. In 2009, Sentosa entered into a forbearance agreement with Wasco, giving Wasco additional time for payment on the loans. In 2010, Sentosa obtained a judgment against the Barketts as guarantors on the loans but took no immediate action to enforce the judgment or foreclose on the Property. Instead, Sentosa entered into two more forbearance agreements, one in 2011 and another in 2012. In 2014, after the parties—through counsel—had spent months unsuccessfully engaged in negotiations regarding yet another forbearance agreement, Sentosa ran out of patience and foreclosed on the Property. Plaintiffs thereafter filed this action

for fraud.

In their original complaint, Plaintiffs asserted a number of claims, including a claim for fraud against Sentosa and Sentosa's principal, Huang. The district court dismissed without prejudice Plaintiffs' fraud claim for failure to satisfy the particularity requirement of Fed. R. Civ. P. 9(b). All other claims were dismissed with prejudice. The district court granted Plaintiffs leave to amend their fraud claim but warned that "this will be the last opportunity to amend." Plaintiffs thereafter filed their FAC, alleging—again in vague terms—that Huang, as Sentosa's principal, made false representations to Plaintiffs while the parties—through counsel—were in the midst of continued forbearance negotiations in late 2013 and early 2014. The district court dismissed the FAC with prejudice and without leave to further amend, once again finding that Plaintiffs' allegations of fraud lacked sufficient particularity to withstand Defendants' motion to dismiss for failure to state a claim.

On de novo review, we are in accord with the district court's decision to dismiss Plaintiffs' FAC. Plaintiffs did not allege a fraudulent misrepresentation and thus failed to state a claim for fraud that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, the district court did not abuse its discretion when it denied Plaintiffs a second opportunity to amend their complaint.

*See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**AFFIRMED.**